J-S92018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MITCHELL CRAIG LITZ | |
| Appellant | No. 516 WDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001495-2015

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED APRIL 18, 2017**

Mitchell Craig Litz appeals from the March 1, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his guilty plea to aggravated assault by vehicle while driving under the influence ("Count One"), accidents involving death or personal injury ("Count Three"), driving under the influence – highest rate of alcohol ("Count Six"), and driving while operating privilege is suspended or revoked ("Count Nine").[1] Litz's appellate counsel has filed an **Anders**[2] brief and a petition to withdraw.  We affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3735.1(a), 3742(a), 3802(c), 1543(a), respectively.

[2] **Anders v. California** 386 U.S. 738 (1967).

On July 18, 2014, Litz caused a motor vehicle collision while driving under the influence of alcohol. N.T., 3/1/16, at 20. After the collision, Litz fled the scene, leaving an injured, 12-year-old family friend in the back seat of the car. *Id.* at 20-21. Before taking off into the woods, Litz took a 12-pack of beer and some loose beer cans that he had in his car. *Id.* Litz repeatedly called the police barracks and informed the police he was at a certain location, but when the police arrived he was not there. *Id.* at 21-22. Two and one-half hours after the incident, he walked out of the woods and was arrested. *Id.* at 22. The police brought Litz to the hospital where two blood draws were performed: The first indicated a .299 blood alcohol content ("BAC") and the second indicated a .27 BAC. *Id.*

On January 6, 2016, Litz entered a guilty plea to the aforementioned counts. On March 1, 2016, the trial court sentenced Litz to an aggregate term of 102 to 204 months' incarceration.[3] He filed a motion to reconsider/modify sentence on March 8, 2016, which the trial court denied on March 11, 2016. On April 7, 2016, Litz filed his notice of appeal to the Superior Court.

Because counsel has filed a petition to withdraw pursuant to *Anders*

_____

[3] The trial court sentenced Litz to 60 to 120 months' incarceration at Count One and a consecutive term of 42 to 84 months' incarceration at Count Three. Count Six merged with Count One for sentencing purposes.

and its Pennsylvania counterpart, **Santiago**,[4] we must address counsel's petition before reviewing the merits of Litz's underlying issues. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the **Anders** brief to the appellant, together with a letter that advises appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007)). Substantial compliance

---

[4] **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Counsel's petition states that she conducted a thorough review of the record and determined that any appeal would be frivolous. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, states her conclusion that the appeal is frivolous, and cites relevant case law to support her conclusion that the appeal is frivolous. Additionally, counsel provided Litz with a copy of the ***Anders*** brief and petition to withdraw, together with a letter advising Litz of counsel's intent to withdraw and of Litz's right to retain new counsel or proceed *pro se* to raise any additional points. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Litz has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the issues raised in the ***Anders*** brief.

Counsel raises the following issue: "Whether [Litz]'s sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code." ***Anders*** Br. at 3.

When challenging the discretionary aspects of sentencing, an appellant is "not entitle[d] . . . to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). We must first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting

**Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa.Super. 2006));

**see also Allen**, 24 A.3d at 1064.

Litz's appeal is timely, and the **Anders** brief contains a concise statement of the reasons relied upon for allowance of appeal. Furthermore, Litz's claim that the trial court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b)[5] in imposing a sentence above the aggravated range raises a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n.8 (Pa.Super. 2013) ("arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question"). However, we agree with the trial court that while Litz properly preserved his claim as to Count Three, he failed to preserve his

_____

[5] Section 9721(b) of the Sentencing Code provides in relevant part:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S. § 9721(b).

claim with regard to Count One.[6]  **See** 1925(a) Opinion, 6/22/16, at 3 ("1925(a) Op.").[7]  Thus, we will consider the merits as to Count Three only.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa.Super. 2010).  "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

---

[6] The sentence imposed at Count One was in the standard range.

[7] In Litz's motion, he asserted:

> 4. Counsel is only requesting that the Court reconsider modifying Count 3 to a term of incarceration [in] the standard range of the guidelines as opposed to beyond the aggravated range.
>
> 5. [Trial] counsel respects the Court's wisdom in fashioning the sentence and the reasons for it, however, it appears to be unduly harsh at Count 3.
>
> 6. [Trial] counsel believes that a standard range sentence, perhaps in the high end, would still achieve the punishment that this Honorable Court was seeking and [Litz] deserves.
>
> 7. [Trial] counsel believes that the sentencing guidelines already take into account [Litz]'s prior record and current offense, therefore he should be sentenced within the standard range.  However, if the Court will not reconsider sentencing [Litz] in the standard range, we would respectfully request an aggravated range instead of one beyond the aggravated range.

Mot. to Modify Sent., 3/8/16, ¶¶ 4-7.

support so as to be clearly erroneous." *Id.* "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Litz argues that the trial court failed to consider his rehabilitative potential in that he has the ability to be a productive member of society, he showed remorse for his actions, and he admitted fault. We disagree.

The trial court considered

> the pre-sentence investigative report,[8] the Pennsylvania Sentencing Code and all its factors, the Pennsylvania Sentencing Guidelines, statements by the parties, and submissions from the defense and the Commonwealth. N.T. Sentencing, 03/01/16, at 14-28. Th[e trial court] also heard testimony from the victim, David Peters, who testified to his extensive injuries, ongoing medical treatment, the loss of his employment due to his injuries. *Id.*, at 7-12.

1925(a) Op. at 4. Among the submissions from the defense were letters explaining "what [Litz] went through and the childhood and the horrific childhood that he endured." N.T., 1/1/16, at 14.

---

[8] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

Additionally, the trial court stated its reasons for deviating from the sentencing guidelines on the record. In fashioning Litz's sentence, the trial court stated:

> But looking at this case in its entirety and all [of Litz]'s conduct that day, on his decades of drinking and driving and killing someone in the past and almost killing someone in the present, the appropriate sentence is above the aggravated ranges of the guidelines. And I'm going to impose a sentence of three and a half to seven years on this count. And it's my intention this count be consecutive to Count 1.
>
> So I'm going beyond the standard range and beyond the aggravated range. This has been decades and decades of [Litz] drinking and driving. I don't find him to be an evil person, but his inability to control his conduct has logically led to the death of two people[9] and would lead to the deaths of more, perhaps, if he were permitted.
>
> In imposing this sentence, it's not my intention to rehabilitate [Litz], that's beyond the state's power. It is simply my intention to punish and incapacitate him for as long a period as the law allows. If rehabilitation can occur, that would be nice, but my primary goal is simply to incapacitate someone who has proven himself to be a danger to all of us.
>
> . . .
>
> My recommendation to the state is that [Litz] receive a mental health evaluation and alcohol counselling, but that's a matter for state authorities.

N.T., 3/1/16, at 31-33; 1925(a) Op. at 4.

_____

[9] It appears that the trial court may have misspoken, as the record shows that Litz had one prior involuntary manslaughter conviction, not two. *See* N.T., 3/1/16, at 26-27 ("The Court: . . . this is the second time someone has basically been hurt by [Litz]. In October of '79, it shows . . . involuntary manslaughter, which looks to me like someone died in a vehicle in which [Litz] was operating. . . . Litz: Yes.").

While we are mindful that a trial court should consider all section 9721 factors in fashioning its sentence, it is also clear that some factors may weigh more heavily than others. That the trial court may have placed more weight on the need for protection of the public and the gravity of the offense is not violative of section 9721(b), which simply requires the court to consider all the factors set forth therein. The trial court found that the need for protection of the public and the gravity of the offense outweighed Litz's rehabilitative needs. We conclude that the trial court properly considered the section 9721(b) factors and the mitigating factors in sentencing Litz outside the guidelines and, therefore, did not abuse its discretion.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017